947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan F. O'RILEY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5533.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 Before RALPH B. GUY, Jr., Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and CHURCHILL, Senior District Judge.*
 ORDER
 Jonathan F. O'Riley, a Kentucky pro se prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Following a jury trial, O'Riley was convicted of one count of second degree burglary. He was sentenced to nine years imprisonment. On appeal to the Kentucky Court of Appeals, O'Riley's appointed counsel filed a Motion to Withdraw and an Anders Brief. See Anders v. California, 386 U.S. 738, 742 (1967). On December 14, 1988, the Kentucky Court of Appeals entered an order conditionally granting the motion to withdraw. Thereafter, the Kentucky Court of Appeals entered an opinion affirming O'Riley's conviction. O'Riley v. Commonwealth, No. 88-CA-2172-MR, unpublished op. (Ct.App. Oct. 6, 1989). The court, before deciding O'Riley's appeal, reviewed the record in the case and concluded that the appeal was frivolous.
 O'Riley filed the instant petition for a writ of habeas corpus claiming that he was denied the effective assistance of appellate counsel when his appellate counsel was permitted to withdraw before the Kentucky Court of Appeals had made its own independent review of the record in the case and concluded that there was no nonfrivolous claims to be raised. O'Riley claimed that this violated the rule set forth in Penson v. Ohio, 488 U.S. 75 (1988). On July 26, 1990, respondent filed a motion to dismiss the habeas petition for failure to exhaust available state court remedies.
 The matter was referred to a magistrate judge who issued a report recommending waiver of the exhaustion requirement and dismissal of the petition on its merits because it failed to raise a colorable federal claim. Granberry v. Greer, 481 U.S. 129, 135 (1987). The magistrate judge held that the state appellate court procedure, "although technically in violation of the procedure set forth in Penson, comport[ed] with the constitutional principles of Penson and the cases cited therein." Despite O'Riley's timely objections, the district court adopted the magistrate judge's report and recommendation and entered an order dismissing the petition.
 Upon review, we affirm the district court's order because O'Riley was not denied the rudimentary demands of fair procedure. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). O'Riley was not left without constitutionally adequate representation on appeal. Despite the technical violation of Penson, the record reveals that the procedure used by the Kentucky Court of Appeals did comport with the constitutional principles of Penson. At the time it granted the motion to withdraw, the Kentucky Court of Appeals stated that "[i]n accordance with Penson, ... if upon review it is determined that appellant's appeal has any meritorious grounds, counsel will at that time be reappointed and directed to further brief relevant issues." The court then reviewed the record and determined that the appeal was frivolous and affirmed O'Riley's conviction on that basis. "[N]othing in the [Penson ] opinion forecloses the possibility that a mere technical violation of Anders v. California, ... might be excusable." Penson, 488 U.S. at 89 (O'Connor, J., concurring).
 
 
 1
 For the foregoing reasons, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation